UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE BROWN,                          Case No. 24-11662
                    Plaintiff,
v.                                     Terrence G. Berg
                                       United States District Judge
RYAN SMITH, SWALLWELL,
and GOLNEIK,                           Curtis Ivy, Jr.
                    Defendants.        United States Magistrate Judge
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL
## (ECF No. 10)

Plaintiff filed this *pro se* prisoner complaint on June 27, 2024, and moved to amend on July 18, 2024.  (ECF Nos. 1, 7).  He filed this motion to appoint counsel on August 6, 2024.  (ECF No. 10).  This case was referred to the undersigned for all pretrial matters.  (ECF No. 8).

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff.  *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).  There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981).  With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided.  *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified

only be exceptional circumstances.").  To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, Plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success.  *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Plaintiff claims that his imprisonment will limit his ability to litigate, that the issues involved in his case "are complex and will require significant research and investigation," that he has "limited access to the law library and limited knowledge of the law," and that a trial in this case will likely involve conflicting testimony and "counsel would better enable plaintiff to present evidence and cross examine witnesses."  (ECF No. 10, PageID.38).  He also says that he will have difficulty "presenting evidence that supports the complaint" without counsel.  (ECF No. 10, PageID.38).

The motion will be denied.  Plaintiff brings claims under the Fourth and Eighth Amendments.  These claims are not exceedingly complex.  Also, the difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel.  *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); see also *Ouellette v. Hills*, 2016 WL 5941829, at

*2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance."). And Plaintiff has demonstrated that he has an adequate understanding of how to proceed with his case, as evidenced by his filing a motion to amend his complaint and this motion to appoint counsel.

The motion is **DENIED WITHOUT PREJUDICE**. Should other substantial difficulties arise that require more time to file briefs or motions or to conduct discovery, he may file a simple motion to extend the deadline explaining the relief he seeks and why he is entitled to that relief.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: September 12, 2024            s/Curtis Ivy, Jr.
                                    Curtis Ivy, Jr.
                                    United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 12, 2024.


                                    s/Sara Krause
                                    Case Manager
                                    (810) 341-7850