UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE BROWN,

                     Plaintiff,

v.

RYAN SMITH, SWALLWELL,
GOLNEIK,

                     Defendants.

_____/

Case No. 24-11662

Terrence G. Berg
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT
COUNSEL AND TERMINATING AS MOOT MOTION TO AMEND
COMPLAINT (ECF Nos. 22, 23)**

Before the Court are Plaintiff's second motions for appointment of counsel

and to amend his complaint.  (ECF No. 22).

The Court denied without prejudice Plaintiff's first motion for appointment

of counsel.  (ECF Nos. 10, 14).  The Court explained that Plaintiff's case was not

complex and that he demonstrated an adequate understanding of how to proceed in

litigation.  Circumstances have not changed.  In his latest motion, Plaintiff states

that he cannot afford counsel, trial will involve conflicting testimony which

counsel would be more capable of handling, and he was denied requests for copies

and doesn't want further denials to impact discovery or trial.  (ECF No. 22).

Again, the difficulties a prisoner-litigant may have in preparing the case and

conducting discovery "are present in every prisoner civil rights case" and such

difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009). And should substantial difficulties arise that require more time to file briefs or motions or to conduct discovery, he may file a simple motion to extend the deadline explaining the relief he seeks and why he is entitled to that relief. The motion is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile a motion for appointment of counsel if circumstances change or if he defeats a dispositive motion (such as a motion for summary judgment) that tests the merits of his claims.

Plaintiff's first motion to amend the complaint was terminated as moot. (ECF No. 7). The Court explained that he could amend his complaint without a Court order within 21 days of service of the complaint or within 21 days after an answer or motion under Federal Rule of Civil Procedure 12(b) is filed. Since neither had occurred, Plaintiff could file an amended complaint without leave. Since then, counsel appeared on behalf of the Defendants on October 3, 2024. (ECF No. 20). Defendants have not answered the complaint. Plaintiff then moved again for leave to amend his complaint to add a Fourteenth Amendment claim. Plaintiff has time to file an amended complaint without leave (he will have up to 21 days after an answer or Rule 12(b) motion is filed). His motion to amend is **TERMINATED AS MOOT**. If Plaintiff intends to file an amended complaint without leave of the Court, he should file it soon.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: October 16, 2024                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 16, 2024.

                                          s/Sara Krause
                                          Case Manager
                                          (810) 341-7850

3