UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYRONE BROWN,<br>　　　　　Plaintiff,<br>v.<br>RYAN SMITH, JOSHUA<br>SWALWELL, BRIAN<br>GOLENIAK,<br>　　　　　Defendants.<br>_____/ | Case No. 24-11662<br><br>Terrence G. Berg<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER DENYING PLAINTIFF'S MOTIONS (ECF Nos. 29, 33, 34, 35)

I.   **BACKGROUND**

Plaintiff Tyrone Brown filed this *pro se* prisoner complaint on June 27, 2024. (ECF No. 1). The next day, June 28, the District Judge granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). (ECF No. 4). All pretrial matters were referred to the undersigned. (ECF Nos. 8, 19).

Plaintiff's original complaint alleges constitutional claims for violations of the Fourth and Eighth Amendments. (*See* ECF No. 1, PageID.4). Since filing the complaint, Plaintiff has moved to amend his complaint four times. (ECF Nos. 7, 23, 29, 33). Because Plaintiff did not initially need the Court's permission to amend his complaint under Federal Rule of Civil Procedure 15, the Court terminated as moot his first two motions seeking to amend his complaint. (ECF No. 9, 24). Plaintiff has also moved three times for the appointment of counsel to

1

assist with the prosecution of his case. (ECF Nos. 7, 22, 33). The Court denied the first two of these motions. (ECF Nos. 14, 24).

On October 3, 2024, counsel made an appearance on behalf of all Defendants. (ECF No. 20). Defendants filed two motions on October 21, 2024: a motion to dismiss, (ECF No. 27), and a motion to stay this civil action throughout concurrent criminal proceedings involving these parties. (ECF No. 28). Plaintiff responded to these motions with various filings including his fourth motion to amend, (ECF No. 33);[1] third motion to appoint counsel, (ECF No. 35); and two separate responses to Defendants' motion to stay. (ECF Nos. 32, 36).

This Order focuses on Plaintiff's third and fourth motions to amend his complaint, (ECF Nos. 29, 33); Plaintiff's motion to serve the amended complaint on all Defendants, (ECF No. 34); and his third motion for the appointment of counsel, (ECF No. 35). Having reviewed the motions, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motions.

II. ANALYSIS

    A.   <u>Plaintiff's Motions to Amend (ECF Nos. 29, 33, 34)</u>

Before the Court are Plaintiff's latest attempts to amend his complaint. In the third motion to amend, Plaintiff seeks to add requests for compensatory

---

[1] Plaintiff also submitted a filing captioned "Motion for Court to Serve Defendants with Amended Complaint." (ECF No. 34).

damages for an injury sustained to his lower lip as a result of a physical altercation with Defendants Swalwell and Smith on October 29, 2024. (*See* ECF No. 29, PageID.166 (regarding additional compensatory relief); ECF No. 1, PageID.7 (regarding the lower lip injury)). The third motion to amend also seeks to add a request for punitive damages related to alleged "mental health issues and violation[s] of constitutional rights." (ECF No. 29, PageID.166). In his fourth motion to amend, Plaintiff wishes to add a constitutional claim for the violation of the Fourteenth Amendment. (*See* ECF No. 33, PageID.179). He also adds detail to his claims against Defendant Goleniak for the alleged incident that occurred on June 2, 2023 during which deputies knelt on Plaintiff to subdue him. (*See id.*; ECF No. 1, PageID.8). The fourth motion to amend, if granted, would also add two defendants to this litigation related to the June 2023 altercation. (*See* ECF No. 33, PageID.179).

These third and fourth motions to amend follow attempts to amend in which Plaintiff tried to add defendants to the complaint related to the June 2023 incident, (ECF No. 7), as well as a claim under the Due Process Clause of the Fourteenth Amendment, (ECF No. 23). Because Plaintiff did not initially need the Court's permission to file an amended complaint, the Court denied the first two motions to amend. (*See* ECF Nos. 9, 24).

3

As explained in this Court's prior Orders, Federal Rule of Civil Procedure 15 governs when parties may file amended or supplemental pleadings. Specifically, this Rule permits a party to "amend its pleading once as a matter of course" in two instances. Fed. R. Civ. P. 15(a)(1). First, a party may file an amended pleading without the Court's permission no later than 21 days after serving the original pleading. *See* Fed. R. Civ. P. 15(a)(1)(A). Second, an amended pleading is allowed no later than "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier" if that "pleading is one to which a responsive pleading is required." Fed. R. Civ. P. 15(a)(1)(B).

Plaintiff's third motion to amend is **TERMINATED AS MOOT** under Rule 15. Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on October 21, 2024. (*See* ECF No. 27, PageID.85). Under Rule 15(a)(1)(B), Plaintiff had 21 days to file an amended complaint from the date of Defendants' motion without first obtaining the Court's permission. Plaintiff filed his third motion to amend on October 22, the day after Defendants filed their motion. This request came within the 21-day window Plaintiff had to file an amended complaint as a matter of course. Like with his first and second tries to amend, Plaintiff's motion is not necessarily defective; rather, the motion itself was

4

not needed as Plaintiff could have filed an amended complaint without the Court's permission.

Plaintiff's fourth motion to amend, however, receives different treatment. If a party does not file an amended complaint within the time allotted under Rule 15(a)(1), then an amended pleading is only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff filed his fourth motion to amend on November 14, 2024. (*See* ECF No. 33, PageID.179). This filing falls outside the 21-day period from the date of Defendants' motion to dismiss. As a result, a motion seeking leave to amend was needed.

Although Plaintiff filed a motion as required, the motion will be **DENIED WITHOUT PREJUDICE**. The Local Rules for the Eastern District of Michigan require a "party who moves to amend a pleading" to "attach the proposed amended pleading to the motion." E.D. Mich. LR 15.1. Furthermore, the proposed amended pleading must "reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." *Id.* Plaintiff did not include a copy of his proposed amended complaint with his fourth motion to amend. The motion therefore violates Local Rule 15.1 and is **DENIED WITHOUT PREJUDICE**. *See Coles v. Scion Steel, Inc.*, No. 20-12606, 2021 WL 5114563, at *1 (E.D. Mich. Nov. 3, 2021) (denying motion to amend for noncompliance with Local Rule 15.1). *See also DeAngelis v. Cobb*, No. 21-12722, 2022 WL 22837331, at *1, n.1 (E.D.

5

Mich. July 29, 2022) (noting that *pro se* plaintiffs must still follow Local Rules of the Court and the Federal Rules of Civil Procedure). Additionally, because Plaintiff did not include the proposed amended pleading with his motion, his motion to serve the amended complaint is also **DENIED**.

Plaintiff is not precluded from filing an amended complaint. If he wishes to do so, Plaintiff must file his amended complaint on or before **February 1, 2025**. The filing must comply with Federal Rule of Civil Procedure 15 and Local Rule 15.1. In other words, he would need to file a motion seeking leave of the Court to amend (or, alternatively, obtain written consent to do so from Defendants). Moreover, that motion must include the proposed amended complaint which must "reproduce the entire pleading as amended." E.D. Mich. LR 15.1.

B.  Plaintiff's Motion to Appoint Counsel (ECF No. 35)

As mentioned, Plaintiff has also filed a third motion for the appointment of counsel. (*See* ECF No. 35). He argues that counsel is necessary for four reasons: (1) he cannot afford counsel and is proceeding IFP; (2) "Plaintiff has attempt[ed] to amend [his] complaint numerous times and ha[s] been unsuccessful in his attempts"; (3) "Plaintiff has no understanding on how to properly respond to defendants['] motion [to] stay"; and (4) he wants to properly prosecute his case. (ECF No. 35, PageID.183).

6

As explained earlier, there is no constitutional right to the appointment of counsel in civil cases. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981). Even so, 28 U.S.C. § 1915(e)(1) permits federal courts to request counsel to represent an indigent plaintiff. *See Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Courts will do so only where exceptional circumstances exist or in certain cases only after the disposition of a dispositive motion. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). When assessing whether exceptional circumstances exist, courts consider the type of case involved, Plaintiff's ability to represent himself, the complexity of the case, and whether the claims presented in the complaint are frivolous or have little likelihood of success. *See Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Applying these factors, the Court denied without prejudice Plaintiff's first two motions for the appointment of counsel. (ECF Nos. 14, 24). And as the Court noted in each denial, Plaintiff could refile a motion for appointed counsel following a change in circumstances or if Plaintiff prevailed on a dispositive motion. (*See* ECF No. 24, PageID.78; ECF No. 14, PageID.49).

Plaintiff has not yet defeated a dispositive motion in this litigation (though a motion to dismiss is pending). Moreover, there has been no change in

7

circumstances to warrant the appointment of counsel.[2] In each of his motions to appoint counsel, Plaintiff has asserted that he cannot afford counsel and counsel would help Plaintiff prosecute his case. (*See* ECF No. 35, PageID.183; ECF No. 22, PageID.73; ECF No. 10, PageID.38). These difficulties "are present in every prisoner civil rights case," and such difficulties do not require the appointment of counsel. *See Lafountain v. Martin*, No. 1:07-cv-076, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *Langworthy v. Tuck*, No. 23-cv-13016, 2024 WL 3251275, at *3 (E.D. Mich. July 1, 2024) ("An exceptional circumstance goes beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness.") (internal quotation and citation omitted).

Plaintiff also proffers two new reasons as to why he is entitled to appointed counsel. Neither is persuasive. Plaintiff argues that appointed counsel is warranted because he has unsuccessfully attempted to amend his complaint. (*See* ECF No. 35, PageID.183). Essentially, this contention is the same as asserting he has a lack of legal knowledge despite this Court's prior Orders explaining that, at that time, Plaintiff could file an amended complaint without the Court's permission. (*See* ECF No. 10, 24). And as explained in this Order, *see supra*

---

[2] Because the Court denies Plaintiff's motions to amend, the original complaint remains the operative complaint. The same reasons thus apply to deny the third motion for appointed counsel; that is, his constitutional claims are not exceedingly complex and he has demonstrated an adequate understanding on how to proceed in this case based his many filings in this litigation. (*See* ECF No. 14, PageID.48-49; *see also* ECF No. 28-5 (consisting of interrogatories and request for documents Plaintiff sent to Defendants).

Section II.A., Plaintiff need only comply with the Federal Rules of Civil Procedure and Local Rules of this Court to submit an amended complaint—just like any other *pro se* plaintiff appearing in this Court. See *DeAngelis*, 2022 WL 22837331, at *1, n.1. Thus, with respect to this argument, "[t]he likelihood that [Plaintiff] would fare better if represented by an attorney is not unique to [this] lawsuit, and this case is not exceptional such that the responsibility for prosecuting it should fall on anyone other than the individual who chose to commence the action." *Black v. Cooper*, 2022 WL 20154304, at *4 (E.D. Mich. Oct. 20, 2022) (citing *Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011)).

This leaves Plaintiff's final argument that appointed counsel is needed for Plaintiff to respond to Defendants' motion to stay throughout concurrent criminal proceedings. (*See* ECF No. 35, PageID.183). Plaintiff writes that he "has no understanding on how to properly respond to defendants['] motion [to] stay." (*Id.*). Again, this reads as another assertion that Plaintiff lacks legal knowledge, and that reason alone does not create an extraordinary circumstance warranting appointed counsel. See *Langworthy*, 2024 WL 3251275, at *3. Indeed, it would seem Plaintiff would need only provide arguments addressing the six-factor test cited in Defendants' motion. (*See* ECF No. 28, PageID.129 (citing *FTC v. EMA Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014)). At any rate, Plaintiff undercuts his own argument considering he has filed not one *but two* responses to

9

Defendants' motion to stay. (*See* ECF Nos. 32, 36). As Plaintiff has already responded to Defendants' motion to stay civil proceedings, he no longer requires counsel to do so for him.

For these reasons, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**. As mentioned in each Order denying Plaintiff's motions for appointed counsel, if the Plaintiff experiences substantial difficulties that require more time to file briefs or motions or to conduct discovery, ***he may file a motion to extend the deadline explaining the relief he seeks and why he is entitled to that relief***. Should circumstances change such that extraordinary circumstances exist or should Plaintiff defeat a dispositive motion that tests the merits of his claims (such as a motion for summary judgment), then Plaintiff may refile a motion for the appointment of counsel.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich.

Local Rule 72.2.


Date: January 2, 2025                                  s/Curtis Ivy, Jr.
                                                       Curtis Ivy, Jr.
                                                       United States Magistrate Judge

**CERTIFICATE OF SERVICE**

 The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on January 2, 2025.


                                                       s/Sara Krause
                                                       Case Manager
                                                       (810) 341-7850