UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYRONE BROWN,<br>  Plaintiff,<br>v.<br><br>RYAN SMITH, et al.,<br>  Defendants.<br>_____/ | Case No. 24-11662<br><br>Terrence G. Berg<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER ON PENDING MOTIONS (ECF Nos. 27, 28, 39, 42, 43)

**I.   BACKGROUND**

Plaintiff Tyrone Brown filed this *pro se* civil rights case as a pretrial detainee case on June 27, 2024, (ECF No. 1), and all pretrial matters were referred to the undersigned. (ECF Nos. 8, 19). Pending before the Court are Plaintiff's fifth and sixth motions to amend his complaint, (ECF Nos. 39, 43), Plaintiff's motion to compel discovery, (ECF No. 42), and Defendants' motion to dismiss the original complaint, (ECF No. 27). Also before the Court is a motion to stay this civil case while a parallel criminal case between Plaintiff and Defendants is pending. (ECF No. 28).

Having reviewed these motions, the Court **GRANTS** Plaintiff's fifth motion to amend his complaint, (ECF No. 39), but **DENIES WITHOUT PREJUDICE** his sixth motion to amend, (ECF No. 43). Accordingly, Defendants' motion to dismiss is **DENIED AS MOOT** and are **ORDERED** to respond to the Amended

1

Complaint by **May 2, 2025**. As for Defendants' motion to stay, the Court will wait to resolve it until Defendants clarify whether the criminal case has been closed. Defendants have until **April 18, 2025** to either withdraw their motion or explain why a stay is still warranted. Lastly, because Plaintiff's motion for discovery, (ECF No. 42), is improper and premature, it is **DENIED WITHOUT PREJUDICE**.

II.   ANALYSIS

A.   <u>Plaintiff's Fifth and Sixth Motions to Amend (ECF No. 39, 43)</u>

After failing to properly amend his complaint four times, Plaintiff filed his fifth motion to amend on January 10, 2025. (ECF Nos. 39, 40).[1] As explained in a prior Order, Plaintiff is required to either obtain written consent from Defendants or seek leave of the Court to amend his pleadings since his ability to do so as a matter of course has passed. (ECF No. 37, PageID.194). *See also* Fed. R. Civ. P. 15(a)(1)-(2).

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." That said, this does not suggest that all motions to amend are automatically granted. Courts consider several factors when assessing a motion to amend, namely "the delay in filing, the lack of notice to the opposing party, bad

---

[1] Plaintiff mailed the proposed amended complaint in a separate envelope, hence the docketing of the proposed amended complaint on January 16, 2025.

2

faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

Plaintiff's proposed Amended Complaint adds John Does as a Defendant, alleges that Defendants violated his Fourteenth Amendment rights instead of his Fourth and Eighth Amendment rights as alleged in the original complaint, and adds factual allegations against Defendant Goleniak. (ECF No. 40, PageID.213-19). He also adds schizophrenia as an alleged injury suffered as a result of a June 2023 incident involving Goleniak and John Doe. (*Id.* at PageID.219). Plaintiff also specifies the monetary damages (both compensatory and punitive) he is requesting as relief. (*Id.*). Otherwise, the factual allegations remain largely the same as they were in the original complaint.

As Defendants did not oppose Plaintiff's fifth motion to amend, the motion is **GRANTED**. Unlike Plaintiff's prior attempts, this motion adhered to procedural and substantive requirements under the Federal Rules of Civil Procedure and this Court's Local Rules. Local Rule 15.1 instructs litigants to

3

"attach the proposed amended pleading to the motion." When Plaintiff filed his fifth motion to amend, he indicated that the proposed amended complaint would follow in a separate mailing, which it did. Moreover, both Plaintiff's motion and the proposed Amended Complaint bear the same date next to his signature, January 4, 2025. While it is unclear why Plaintiff mailed the proposed Amended Complaint separately, the Court sees no reason why the motion to amend should be denied on this technicality. Indeed, the controlling Local Rule states that "[f]ailure to comply with this Rule is not grounds for denial of the motion."

The same cannot be said for Plaintiff's sixth motion to amend. (ECF No. 43). This motion suffers from defects greater than a mere technicality. If granted, Plaintiff's motion would add *Monell* claims against new Defendants, Oakland County and the "Oakland County Board of Commission," for violating his Fourteenth Amendment rights. Plaintiff also wants to add four more John Does as Defendants. Like Plaintiff's failed fourth motion to amend and unlike his successful fifth motion to amend, Plaintiff did not reproduce a complete copy of the proposed amended complaint as required. (ECF No. 37, PageID.194). As the Court cannot accurately determine whether leave to amend should be granted based on this filing, the sixth motion to amend is **DENIED WITHOUT PREJUDICE**.

Going forward, Plaintiff's Amended Complaint, (ECF No. 40), is the operative complaint. The Clerk's Office is therefore directed to add Defendant John Doe to the docket.

B.  Defendants' Motion to Dismiss (ECF No. 27)

On October 21, 2024, all Defendants filed a motion to dismiss the original complaint. As Plaintiff's fifth motion to amend is granted, Defendants' motion to dismiss is **DENIED AS MOOT**. *See Williams v. Kelly*, No. 07-10999, 2007 WL 2951303, at *1 (E.D. Mich. Oct. 10, 2007) (dismissing as moot a motion to dismiss "because the Complaint to which it is directed has been superseded by an [Order to file] an Amended Complaint."). Defendants are **ORDERED** to respond to the Amended Complaint by **May 2, 2025**.

C.  Defendants' Motion to Stay Civil Action (ECF No. 28)

On October 21, 2024, Defendants filed a motion to stay this civil action considering a pending criminal case involving Plaintiff and Defendant Swalwell and Smith. (ECF No. 28, PageID.126). The public docket for the case number associated with the concurrent criminal matter, however, suggests that the case was "disposed" of on March 21, 2025. *See infra* Appendix A. Indeed, a docket entry for the same date reads "PLEA N/C AS CHARGED . . . ." which may refer to a nolo contendere plea Plaintiff entered in the criminal case. *Id.* Separate notations also indicate that sentencing was scheduled for this month. *Id.* If the criminal case

5

against Plaintiff has ended—whether it be in a nolo contendere plea or otherwise—the Court **ORDERS** Defendants to withdraw their motion or explain why a stay is still warranted. If there is no longer an active criminal case, then there is no reason to stay proceedings in this case. Accordingly, Defendants have until **April 18, 2025** to respond to this Order.

That said, the Court understands that Defendants intend to invoke the *Heck* bar in a motion to dismiss should the criminal case against Plaintiff result in a conviction. (ECF No. 28, PageID.130). *See Heck v. Humphrey*, 512 U.S. 477 (1994) (mandating dismissal of claims in a civil suit if a ruling in the plaintiff's favor "would necessarily imply the invalidity of his conviction . . . unless plaintiff can demonstrate that the conviction or sentence has already been invalidated"). If Defendants still intend to do so and the criminal case has yielded a conviction, then they can make that argument in a motion to dismiss when responding to Plaintiff's Amended Complaint.

D.  Plaintiff's Motion to Compel Discovery (ECF No. 42)

Finally is Plaintiff's motion to compel discovery. Because this motion is improper and premature, the motion is **DENIED WITHOUT PREJUDICE**. First, this Court's Local Rules require motions to compel to include a "verbatim recitation of each" discovery request that is the subject of the motion or provide "a copy of the actual discovery document . . . ." E.D. Mich. LR 37.2. As Plaintiff did

6

not do so, his motion to compel is procedurally defective. Second, discovery at this time is premature. Typically, discovery does not begin until the parties have engaged in a Federal Rule of Civil Procedure 26(f) conference. The Federal Rules, however, allow for discovery in prisoner and pretrial detainee civil rights litigation to begin without a Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(B), (f). In this District, discovery in such cases commences after the Court issues a case management order after an answer to the complaint is filed. There is no answer to the Amended Complaint, and the Court has not yet entered a case management order. Once those conditions are satisfied, discovery can begin. Until that time, Defendants need not respond to any discovery requests; once a case management order is entered, Defendants' discovery responses would be due thirty days after that date.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: April 11, 2025                                  s/Curtis Ivy, Jr.
                                                                    Curtis Ivy, Jr.
                                                                    United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on April 11, 2025.

                                                                    s/Sara Krause
                                                                    Case Manager
                                                                    (810) 341-7850

## APPENDIX A

